**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DELORIS DREISTADT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1243-HE |
| | ) | HONORABLE JOE HEATON |
| DEACONESS HEALTH SYSTEM, LLC, | ) | |
| d/b/a DEACONESS HOSPITAL | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DEACONESS HEALTH SYSTEM, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, Deaconess Health System, LLC, d/b/a Deaconess Hospital, and hereby submits its Answer to Plaintiff's Complaint.  Defendant denies each and every allegation of Plaintiff's Complaint except as hereinafter specifically admitted, and further states as follows:

1.      In response to Paragraph 1 of Plaintiff's Complaint, Defendant states that Paragraph 1 contains no factual allegations to which a response is required.  Defendant denies that Plaintiff has an actionable claim under the Age Discrimination in Employment Act of 1967, as amended; Americans with Disabilities Act of 1990, as amended; Title VII of the Civil Rights Act of 1964, as amended; Equal Pay Act of 1963, Oklahoma Anti-Discrimination Act, common law wrongful discharge in violation of public policy; and Oklahoma Workers' Compensation Act.

2.      In response to Paragraph 2 of Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny Plaintiff's citizenship status.  Defendant admits that at one

time Plaintiff was employed with Defendant in Oklahoma City, Oklahoma, within the Western District of Oklahoma.

3.      In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

4.      In response to Paragraph 4 of Plaintiff's Complaint, Defendant states that Paragraph 4 contains no factual allegations to which a response is required.  Defendant does not dispute that this Court has subject matter jurisdiction over this matter.

5.      In response to Paragraph 5 of Plaintiff's Complaint, Defendant states that Paragraph 5 contains no factual allegations to which a response is required.  Defendant does not dispute that venue is proper.

6.      In response to Paragraph 6 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

7.      In response to Paragraph 7 to Plaintiff's Complaint, Defendant denies that the EEOC issued a determination "in favor" of Plaintiff, but admits the remaining allegations contained therein.  Defendant further states that under applicable federal statutes, the EEOC's finding is irrelevant and this allegation should be stricken lest it be shown to the jury inadvertently.

8.      In response to Paragraph 8 to Plaintiff's Complaint, Defendant admits that the EEOC issued a right to sue notice on August 23, 2010.  Defendant is without sufficient information to admit or deny whether Plaintiff filed her Complaint within ninety (90) days of her receipt of said notice.  Defendant denies the remaining allegations contained therein.

9.      In response to Paragraph 9 to Plaintiff's Complaint, Defendant admits the allegations contained therein.

10.     In response to Paragraph 10 to Plaintiff's Complaint, Defendant admits the allegations contained therein.

11.     In response to Paragraph 11 to Plaintiff's Complaint, Defendant is without sufficient information to admit or deny Plaintiff's age or year of birth.  Defendant is without sufficient information to admit or deny whether Plaintiff has a disability within the meaning of the ADA or ADEA.  Defendant denies the remaining allegations contained therein.

12.     In response to Paragraph 12 to Plaintiff's Complaint, Defendant admits the allegations contained therein.

13.     In response to Paragraph 13 to Plaintiff's Complaint, Defendant admits that Plaintiff's employment with Defendant came to an end on or around January 20, 2009.

14.     In response to Paragraph 14 to Plaintiff's Complaint, Defendant denies that Plaintiff was qualified for the position of Security Officer.  Defendant admits that Plaintiff was certified by training through the Oklahoma Council of Law Enforcement Education and Training, but is without sufficient information to admit or deny Plaintiff's prior work experience.

15.     In response to Paragraph 15 to Plaintiff's Complaint, Defendant admits that Plaintiff received an "across-the-board" pay increase during her employment with Defendant, but denies the remaining allegations contained therein.

16.     In response to Paragraph 16 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

17.     In response to Paragraph 17 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

18.     In response to Paragraph 18 to Plaintiff's Complaint, Defendant admits that Plaintiff complained to Ellen Gifford about her wage rate, but denies the remaining allegations contained therein.

19.     In response to Paragraph 19 to Plaintiff's Complaint, Defendant is without sufficient information to admit or deny that Plaintiff's February 2007 on-the-job injury was "accidental". Defendant denies that Plaintiff was not allowed to perform her job duties as a Security Officer to the extent that it implies she was not allowed to perform *any* of her job duties. Defendant admits the remaining allegations contained therein.

20.     In response to Paragraph 20 to Plaintiff's Complaint, Defendant admits that Plaintiff's light duty restriction was removed on or around January 5, 2009. Defendant denies the remaining allegations contained therein.

21.     In response to Paragraph 21 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

22.     In response to Paragraph 22 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

23.     In response to Paragraph 23 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

24.     In response to Paragraph 24 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

25.     In response to Paragraph 25 of Plaintiff's Complaint, Defendant reaffirms the admissions, denials, and explanations set forth in paragraphs 1 through 24.

26.     In response to Paragraph 26 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny Plaintiff's age. Defendant denies that Plaintiff was subjected to discriminatory treatment.

27.     In response to Paragraph 27 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

28.     In response to Paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

29.     In response to Paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

30.     In response to Paragraph 30 of Plaintiff's Complaint, Defendant admits that it has a policy prohibiting discrimination due to an employee's age, but denies the remaining allegations contained therein.

31.     In response to Paragraph 31 to Plaintiff's Complaint, Defendant states that Paragraph 31 contains no factual allegations to which a response is required.  Defendant denies that Plaintiff is entitled to any remedies afforded by the ADEA.

32.     In response to Paragraph 32 to Plaintiff's Complaint, Defendant reaffirms the admissions, denials, and explanations set forth in paragraphs 1 through 31.

33.     In response to Paragraph 33 to Plaintiff's Complaint, Defendant admits that Plaintiff is protected from employment discrimination under the ADA, but denies the remaining allegations contained therein.

34.     In response to Paragraph 34 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

35.     In response to Paragraph 35 of Plaintiff's Complaint, Defendant admits that it has a policy prohibiting discrimination due to an employee's disability, but denies the remaining allegations contained therein.

36.     In response to Paragraph 36 to Plaintiff's Complaint, Defendant states that Paragraph 36 contains no factual allegations to which a response is required.  Defendant denies that Plaintiff is entitled to any remedies afforded by the ADA.

5

37.    In response to Paragraph 37 to Plaintiff's Complaint, Defendant reaffirms the admissions, denials, and explanations set forth in paragraphs 1 through 36.

38.    In response to Paragraph 38 to Plaintiff's Complaint, Defendant admits that Plaintiff is a female, but denies the remaining allegations contained therein.

39.    In response to Paragraph 39 to Plaintiff's Complaint, Defendant denies that Plaintiff was qualified for the position of Security Officer, and is without sufficient information to admit or deny the remaining allegations contained therein.

40.    In response to Paragraph 40 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

41.    In response to Paragraph 41 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

42.    In response to Paragraph 42 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

43.    In response to Paragraph 43 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

44.    In response to Paragraph 44 of Plaintiff's Complaint, Defendant admits that it has a policy prohibiting discrimination due to an employee's sex, and prohibiting retaliation regarding the same, but denies the remaining allegations contained therein.  Defendant denies that Plaintiff is entitled to any remedies afforded by Title VII.

45.    In response to Paragraph 45 to Plaintiff's Complaint, Defendant reaffirms the admissions, denials, and explanations set forth in paragraphs 1 through 44.

46.    In response to Paragraph 46 to Plaintiff's Complaint, Defendant is without sufficient knowledge to admit or deny the allegations contained therein.

47.     In response to Paragraph 47 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

48.     In response to Paragraph 48 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

49.     In response to Paragraph 49 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

50.     In response to Paragraph 50 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

51.     In response to Paragraph 51 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

52.     In response to Paragraph 52 of Plaintiff's Complaint, Defendant states that Paragraph 52 contains no factual allegations to which a response is required.  Defendant denies that Plaintiff is entitled to any remedies under the Equal Pay Act.

53.     In response to Paragraph 53 to Plaintiff's Complaint, Defendant reaffirms the admissions, denials, and explanations set forth in paragraphs 1 through 52.

54.     In response to Paragraph 54 of Plaintiff's Complaint, Defendant states that it is without sufficient information to admit or deny that Plaintiff is a handicapped individual who is entitled to protection under the OADA.

55.     In response to Paragraph 55 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

56.     In response to Paragraph 56 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

57.     In response to Paragraph 57 to Plaintiff's Complaint, Defendant states that Paragraph 57 contains no factual allegations to which a response is required.  Defendant denies that Plaintiff is entitled to any remedies under the OADA.

58.     In response to Paragraph 58 to Plaintiff's Complaint, Defendant reaffirms the admissions, denials, and explanations set forth in paragraphs 1 through 57.

59.     In response to Paragraph 59 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

60.     In response to Paragraph 60 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

61.     In response to Paragraph 61 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

62.     In response to Paragraph 62 to Plaintiff's Complaint, Defendant states that Paragraph 62 contains no factual allegations to which a response is required.

63.     In response to Paragraph 63 to Plaintiff's Complaint, Defendant states that Paragraph 63 contains no factual allegations to which a response is required.  Defendant states that Plaintiff is not entitled to damages from Defendant.

64.     In response to Paragraph 64 to Plaintiff's Complaint, Defendant reaffirms the admissions, denials, and explanations set forth in paragraphs 1 through 63.

65.     In response to Paragraph 65 to Plaintiff's Complaint, Defendant is without sufficient information to admit or deny whether Plaintiff sustained an on-the-job injury in February of 2007.  Defendant admits that Plaintiff reported an on-the-job injury in February of 2007, that she received medical treatment for said injury, and that she exercised her rights under Oklahoma's Workers' Compensation Act.  Defendant further admits that Plaintiff was released

to return to work without restrictions on or around January 5, 2009. Defendant admits that Plaintiff's employment with Defendant came to an end on or about January 21, 2009.

66.     In response to Paragraph 66 to Plaintiff's Complaint, Defendant denies the allegations contained therein.

67.     In response to Paragraph 67 to Plaintiff's Complaint, Defendant states that Paragraph 67 contains no factual allegations to which a response is required. Defendant further states that Plaintiff is not entitled to remedies under 85 O.S. § 6.

68.     In response to Paragraph 68 to Plaintiff's Complaint, Defendant states that Paragraph 68 contains no factual allegations to which a response is required. Defendant objects to Plaintiff's request for a jury trial.

69.     In response to Paragraph 69 to Plaintiff's Complaint, Defendant states that Plaintiff is not entitled to any damages from Defendant, including, but not limited to, all the relief requested in Paragraph 69.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's allegations against Defendant fail to state a claim upon which relief may be granted.

2.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff was not qualified to perform the duties of a Security Officer.

3.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff was unable to perform the assigned job duties of a Security Officer.

4.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff never complained of discriminatory treatment during her employment with Defendant.

5.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that any disparity in pay between Plaintiff and other employee(s) was based on reasonable factors other than sex.

6.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff failed to exhaust her administrative remedies.

7.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff failed to file suit within the statute of limitations.

8.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff's claim is barred and/or limited by the doctrines of estoppel, laches, and waiver.

9.      The Plaintiff is not entitled to liquidated or punitive damages because Defendant at all times acted in good faith and had reasonable grounds to believe that its acts complied with the law.

10.     Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

**WHEREFORE**, Defendant respectfully requests that this action and all of Plaintiff's claims contained therein be dismissed with prejudice, that Plaintiff take nothing, and that

Defendant be awarded its costs, expenses, attorneys' fees, and such other and further relief as this

Court deems appropriate.

 

 

Respectfully submitted,

**STRECKER & ASSOCIATES, P.C.**

*/s/ Regina Nerger*

_____

David E. Strecker, OBA #8687
Regina L. Nerger, OBA #21864
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Telephone:     (918) 582-1716
Facsimile:     (918) 582-1780
**ATTORNEYS FOR DEFENDANT**

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on January 21, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

       Raymond C. Durbin, OBA # 2554
       601 N.W. 13th Street
       Oklahoma City, Oklahoma 73103
       (405) 521-0577

       **ATTORNEY FOR PLAINTIFF**

/s/ *Regina Nerger*

Regina L. Nerger